United States District Court
Southern District of Texas
**ENTERED**
April 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WESTERN POWER, INC., § 
 § 
 Plaintiff, § 
 § 
v. § CIVIL ACTION NO. H-17-1028
 § 
TRANSAMERICAN POWER § 
PRODUCTS, INC., § 
 § 
 Defendant. § 

**MEMORANDUM OPINION AND ORDER**

Plaintiff Western Power, Inc. ("Western" or "Plaintiff") brings this action against defendant TransAmerican Power Products, Inc. ("TransAmerican" or "Defendant") asserting claims for breach of contract, quantum meruit, violation of the Texas Theft Liability Act, and fraudulent inducement.[1] Pending before the court is Defendant's Motion for Leave to File Amended Counterclaim ("Defendant's Motion to Amend") (Docket Entry No. 17). For the reasons stated below, Defendant's Motion to Amend will be denied.

I. **Factual and Procedural Background**

Plaintiff is a manufacturer's representative whose business consists of promoting its clients' products.[2] Plaintiff and Defendant entered into a written agreement ("Agreement") setting

---

[1]See Plaintiff's Original Complaint and Jury Demand ("Complaint"), Docket Entry No. 1, pp. 4-6.

[2]Id. at 2 ¶ 6.

forth the terms under which Plaintiff would represent Defendant.³ The Agreement provides that

> Representative shall maintain a sales office in the territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Seller's products within the territory.⁴

The Agreement also states that "Seller agrees to pay Representative a sales commission on actual sales of products, . . ." and provides a commission schedule.⁵ Plaintiff alleges that it dutifully and properly represented Defendant and sold Defendant's products, but that Defendant "failed and refused to compensate Plaintiff in accordance with the terms of the Agreement."⁶

In its original answer filed on June 5, 2017, Defendant asserted several affirmative defenses and a counterclaim that "[TransAmerican] is entitled to recover its attorneys' fees as the prevailing party pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b)."⁷ On January 17, 2018, Defendant filed its Motion to Amend and attached a proposed amendment in which it adds a counterclaim for breach of contract.⁸ Western filed Plaintiff

---

³See Agreement, Exhibit A to Plaintiff's Complaint, Docket Entry No. 1-1.

⁴Id. at 2.

⁵Id. at 2-3.

⁶Complaint, Docket Entry No. 1, p. 3 ¶¶ 8-9.

⁷See TransAmerican Power Products, Inc.'s Answer and Counterclaim ("Original Answer"), Docket Entry No. 7, p. 3 ¶ 23.

⁸See Defendant's Motion to Amend, Docket Entry No. 17; TransAmerican Power Products, Inc.'s Amended Answer and
(continued...)

Western Power, Inc.'s Objection and Response to Defendant's Motion for Leave to Amend and File Breach of Contract Counterclaim ("Plaintiff's Objection") (Docket Entry No. 21). Plaintiff urges the court to deny Defendant's Motion to Amend because of the futility of the amendment.[9]

## II. Defendant's Motion for Leave to Amend

### A. Standard of Review

If a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides the standard for requests to amend that are filed before the scheduling order's deadline has expired, and Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend that are filed after the scheduling order's deadline has expired. Marathon Financial Insurance, Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009); Fahim v. Marriott Hotel Services, Inc., 551 F.3d 344, 348 (5th Cir. 2008).

Plaintiff filed its Complaint on April 4, 2017 (Docket Entry No. 1), and Defendant filed its Original Answer on June 5, 2017 (Docket Entry No. 7). The court held an initial pretrial and scheduling conference on July 28, 2017, and entered a Docket

---

[8](...continued)
Counterclaim ("Defendant's Amended Answer"), Exhibit A to Defendant's Motion to Amend, Docket Entry No. 17-1, pp. 4-7.

[9]See Plaintiff Western Power, Inc.'s Objection and Response to Defendant's Motion for Leave to Amend and File Breach of Contract Counterclaim ("Objection"), Docket Entry No. 21, pp. 1-5.

-3-

Control Order (Docket Entry No. 13). The Docket Control Order contained the notation "None" on the lines provided for deadlines to file motions to amend the pleadings and motions to add new parties. The order states "None" because counsel indicated at the pretrial conference that they would need no further amendments to the pleadings. See <u>Breaux v. Tri Star Freight Systems, Inc.</u>, Civil Action No. H-16-846, 2016 WL 6581929, at *2 (S.D. Tex. November 7, 2016) ("The 'N/A' notation next to the amendment deadlines on the Scheduling Order indicates that, at the Rule 16 conference, the parties indicated that they would not need to amend their pleadings, not that the parties may amend their pleadings at any time without seeking leave to do so."). Nevertheless, Defendant filed the pending Motion to Amend on January 17, 2018. The court can understand how Defendant's counsel would be confused by the entry of "None" and could conclude that the court meant that there were no deadlines for filing amended pleadings. Neither Defendant's Motion to Amend nor Plaintiff's Objection and Response to it addressed the applicable Rule 16 standard. Instead, each analyzed the Rule 15 standard. Because neither party addressed the requirements under Rule 16 and because of the confusion caused by the "None" entry on the Docket Control Order, the court will apply the more liberal Rule 15 standard.

B.  **Analysis**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within 21 days after

serving it or within 21 days after service of a responsive pleading or service of Rule 12(b), (e), or (f) motions. Fed. R. Civ. P. 15(a)(1)(A) and (B). In all other cases Rule 15(a) requires the opposing party's written consent or leave of the court and states, "[t]he court should freely give leave when justice so requires." Id. at (2). Rule 15(a) provides "a strong presumption in favor of granting leave to amend." Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006). "A decision to grant leave is within the discretion of the court, although if the court 'lacks a "substantial reason" to deny leave, its discretion "is not broad enough to permit denial."'" State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) (quoting Jamieson By and Through Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985)). The Supreme Court has identified five factors to consider in determining whether to grant leave to amend a pleading: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010) (citing Foman v. Davis, 83 S. Ct. 227, 230 (1962)). Plaintiff argues that Defendant's proposed counterclaim would be futile.[10]

---

[10]Plaintiff's Objection, Docket Entry No. 21, pp. 2-5.

1. <u>Futility Standard</u>

"[L]eave to amend need not be granted when it would be futile to do so." <u>F.D.I.C. v. Conner</u>, 20 F.3d 1376, 1385 (5th Cir. 1994) (citation omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." <u>Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n</u>, 751 F.3d 368, 378 (5th Cir. 2014). "Therefore, we review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" <u>Id.</u> (quoting <u>Stripling v. Jordan Production Co., LLC</u>, 234 F.3d 863, 873 (5th Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom</u> <u>Cloud v. United States</u>, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. <u>Id.</u>

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

<u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002) (quoting <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974)). To avoid

dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss district courts are able to consider documents that are attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

2. Analysis

In its proposed amended counterclaim, Defendant alleges that Plaintiff breached the Agreement by failing to comply with a contract provision stating that Plaintiff shall "use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Seller's products within the territory."[11] Defendant identifies four companies that it assumes would have awarded Defendant contracts for products if Plaintiff had complied

---

[11]Defendant's Amended Answer, Exhibit A to Defendant's Motion to Amend, Docket Entry 17-1, p. 7 ¶ 29.

with the clause of the Agreement.[12] Plaintiff argues that the "best efforts" clause in the Agreement is unenforceable under Texas law.[13]

In Texas "to be enforceable, a best efforts contract must set some kind of goal or guideline against which best efforts may be measured." CKB & Associates, Inc. v. Moore McCormack Petroleum, Inc., 809 S.W.2d 577, 581 (Tex. App -- Dallas, writ denied).[14] "A contracting party that performs within the guidelines fulfills the contract regardless of the quality of its efforts." Id. at 582. But "the term 'goal' or 'guideline' need not be read narrowly." Kevin M. Ehringer Enterprises, Inc. v. McData Services Corp., 646 F.3d 321, 326 (5th Cir. 2011) (citing Herrmann Holdings Ltd. v. Lucent Technologies Inc., 302 F.3d 552, 559 (5th Cir. 2002)).

Cases interpreting various "best efforts" clauses are instructive. In CKB & Associates the contract required a petrochemical refiner "'to use its best efforts to process the crude oil into the volumes of refined products reflect on Exhibit "A," with variations not to exceed plus or minus one percent . . . .'" 809 S.W.2d at 578. Exhibit A provided production targets. Id. Because the goal or guideline set by the

---

[12]Id. at 5-7 ¶¶ 24-27.

[13]Plaintiff's Objection, Docket Entry No. 21, p. 4.

[14]The Fifth Circuit has "recognized that CKB & Associates . . ., is instructive on the issue of how to interpret a 'best efforts' clause in a contract in Texas." Kevin M. Ehringer Enterprises, Inc. v. McData Services Corp., 646 F.3d 321, 326 (5th Cir. 2011).

best efforts clause specified an identifiable volume of crude oil, the contract was enforceable. Id. at 581-82.

In Herrman Holdings the agreement provided, in relevant part, that the defendant (1) "shall use its reasonable best efforts to prepare, file and cause to become effective, <u>as promptly as practicable</u> . . ." and (2) "use its reasonable best efforts to take or cause to be taken all actions, and to do, or cause to be done, all things necessary, proper or advisable under applicable Law to consummate and make effective <u>in the most expeditious manner practicable</u>, the transactions . . . ." 302 F.3d at 556 (emphasis added). The Fifth Circuit held that the phrases "as promptly as practicable" and "in the most expeditious manner practicable" were objective goals making the "best efforts" clause enforceable because they "modif[y] the ultimate objective of filing and causing the [transactions] to become effective." Id. at 559-61.

In a fraudulent inducement case the Fifth Circuit held that the "requirement that [the defendant] use its 'best efforts to further the promotion, marketing, licensing, and sale of Products' is not enforceable under Texas law" because the "best efforts" clause "does not provide a goal or guideline by which [the defendant] can be expected to measure its progress." Kevin M. Ehringer, 646 F.3d at 327.

The "best efforts" clause at issue in this case states no goal or guideline by which Plaintiff can be expected to measure its progress. The requirement that Plaintiff "devote such time as may

be reasonably necessary" does not establish a guideline to determine what constitutes Plaintiff's "best efforts" to achieve the ultimate objective of selling and promoting the sale of Defendant's products. Because the Agreement does not provide a goal or guideline that could satisfy the CKB & Associates standard, the clause is unenforceable as a matter of Texas Law. See York Group, Inc. v. York Southern, Inc., Civil Action No. H-06-0262, 2006 WL 2883363 at *1-3 (S.D. Tex. Oct. 10, 2006).[15] Defendant's proposed amendment would therefore be futile.

## III. Conclusions and Order

For the reasons stated in Section II above, Defendant's Motion for Leave to File Amended Counterclaim (Docket Entry No. 17) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 6th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[15]In York Group, Inc. the court concluded that there was "no goal or guideline in the Agreement that could satisfy the CKB standard" where the two "best efforts" clauses stated that the distributor will use (1) "its best efforts to promote, sell, and serve York-brand caskets" and (2) "its good faith best efforts actively and aggressively to sell and promote the sale of the Products." 2006 WL 2883363 at *3, *1. The court held that therefore those sections of the agreement were unenforceable as a matter of Texas law. Id. at *3.